1   Kurt C. Peterson (SBN 83941)
    Kenneth N. Smersfelt (SBN 166764)
2   Amir Shlesinger (SBN 204132)
    Monica J. Zi (SBN 245434)
3   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
4   Los Angeles, CA  90071-1514
    Telephone:   +1 213 457 8000
5   Facsimile:   +1 213 457 8080

6   Attorneys for Defendants
    Anthem Blue Cross Life and Health
7   Insurance Company and Blue Cross and
    Blue Shield of Texas, an Unincorporated
8   Division of Health Care Service
    Corporation (erroneously sued as "Blue
9   Cross and Blue Shield of Texas, Inc.")

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13  SLEEP MED LLC; KSK                        Case No.  2:16-cv-4965 FMO (AFMx)
    ENTERPRISES, LLC; NASHVILLE
14  SLEEP MEDICINE, L.L.C.;                   **DEFENDANTS' NOTICE OF MOTION
    MIDSOUTH SLEEP DIAGNOSTIC             AND MOTION TO DISMISS
15  CENTER, INC.; HOUSTON                     PLAINTIFFS' FIRST AMENDED
    OPERATING COMPANY, LLC,               COMPLAINT; MEMORANDUM OF
16                                            POINTS AND AUTHORITIES IN
                      Plaintiffs,            SUPPORT THEREOF**
17
    vs.                                       Date:            October 6, 2016
18                                            Time:            10:00 a.m.
    ANTHEM BLUE CROSS LIFE AND            Courtroom No.:  22 – 5th Floor
19  HEALTH INSURANCE COMPANY;
    BLUECROSS BLUESHIELD OF               Hon. Fernando M. Olguin
20  TENNESSEE, INC.; BLUE CROSS
    AND BLUE SHIELD OF TEXAS,             Compl. Filed:   April 21, 2016
21  INC.; AND DOES 1 through 20,          FAC Filed:       May 2, 2016
    inclusive,                                Case Removed:   July 7, 2016
22
                      Defendants.            Trial Date:      None Set
23
24                                           [Filed Concurrently with Defendants'
                                             Notice of Motion and Motion to Strike; and
25                                           Joinder in Defendant Blue Cross Blue
                                             Shield of Tennessee, Inc.'s Motion to
26                                           Dismiss]

27

28

US_ACTIVE-127645307.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 6, 2016, at 10:00 a.m. in the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012-4701, defendants Anthem Blue Cross Life and Health Insurance Company and Blue Cross and Blue Shield of Texas, an Unincorporated Division of Health Care Service Corporation (erroneously sued as "Blue Cross and Blue Shield of Texas, Inc.") (collectively "Defendants") will and hereby move to dismiss the First Amended Complaint ("FAC") filed in this action by plaintiffs Sleep Med LLC, KSK Enterprises, LLC, Nashville Sleep Medicine, L.L.C., Midsouth Sleep Diagnostic Center, Inc., and Houston Operating Company, LLC (collectively, "Plaintiffs").

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that each cause of action contained in the FAC fails to state a claim upon which relief can be granted against Defendants:

*First*, Plaintiffs' first cause of action for Breach of Implied Contract fails because it omits any allegation of any promise by Defendants to pay Plaintiffs' billed charges.

*Second*, Plaintiffs' second cause of action for Breach of Implied Covenant of Good Faith and Fair Dealing fails because Plaintiffs do not and cannot allege a valid contract.

*Third*, Plaintiffs' third cause of action for Fraud and fourth cause of action for Negligent Misrepresentation fail because Plaintiffs do not plead fraud with the requisite particularity and further fail to differentiate allegations as to each of the named defendants. Furthermore, there is no cause of action for negligent misrepresentation based on a false promise.

*Fourth*, Plaintiffs' fifth cause of action for Unjust Enrichment fails because Plaintiffs do not allege Defendants have been unjustly enriched and further fail to differentiate allegations as to each of the named defendants.

US_ACTIVE-127645307.3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 **Fifth**, Plaintiffs' sixth cause of action for Unfair Business Practices 17200 *et*

2 *seq.* ("UCL") fails because Plaintiffs do not allege any actionable conduct under the

3 UCL.

4 **Sixth**, Plaintiffs' seventh cause of action for Recovery of Payment for Services

5 Rendered and eighth cause of action for Quantum Meruit fail because Plaintiffs are

6 not entitled to payment of any amount beyond that set forth in the applicable insureds'

7 benefit agreement and, further, because Plaintiffs do not allege that Defendants

8 requested Plaintiffs' services or that any benefit was conferred on Defendants.

9 Defendants' motion is based on this Notice of Motion and Motion, the

10 accompanying Memorandum of Points and Authorities in support thereof, and all

11 other pleadings and papers on file in this action, and such other matters as may be

12 presented by counsel at or before the hearing on this motion.

13 **PLEASE TAKE FURTHER NOTICE** that Defendants hereby join in, and

14 incorporate by reference as though stated in full herein, Defendant Blue Cross Blue

15 Shield of Tennessee, Inc.'s ("BCBSTN") Motion to Dismiss Plaintiffs' First Amended

16 Complaint, except for the portion of BCBSTN's motion pursuant to Fed. R. Civ. P.

17 12(b)(2) based on lack of personal jurisdiction.

18 This motion is made following the conference of counsel pursuant to L.R. 7-3

19 which took place on June 23, 2016 and July 7, 2016.

20 DATED: September 2, 2016          REED SMITH LLP

21

22                                  By: */s/ Amir Shlesinger*

23                                      Kenneth N. Smersfelt
                                        Amir Shlesinger
24                                      Monica J. Zi
                                        Attorneys for Defendants
25                                      Anthem Blue Cross Life and Health
                                        Insurance Company and Blue Cross and
26                                      Blue Shield of Texas, an Unincorporated
                                        Division of Health Care Service
27                                      Corporation (erroneously sued as "Blue
                                        Cross and Blue Shield of Texas, Inc.")
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .............................................................................. 1

II.    FACTUAL BACKGROUND .............................................................. 2

III.   LEGAL STANDARD ........................................................................ 3

IV.    LEGAL ARGUMENT ....................................................................... 3

    A.     Plaintiffs Improperly Assert General Allegations As To "Defendants," Collectively And Do Not Identify The Underlying Medical Claims ......................................................... 3

    B.     Plaintiffs' First Claim For Breach Of Implied Contract Fails Because Plaintiffs Do Not Allege A Promise By Defendants To Pay Plaintiffs' Billed Charges .................................................... 5

    C.     Plaintiffs' Second Claim For Breach Of Implied Covenant Of Good Faith And Fair Dealing Fails Because Plaintiffs Do Not Allege A Valid Contract ............................................................. 7

    D.     Plaintiffs' Third And Fourth Claims For Fraud And Negligent Misrepresentation Fail As A Matter Of Law ............................... 8

        1.     Plaintiffs Fail To Plead Fraud With The Requisite Particularity ............................................................... 9

        2.     There Is No Cause Of Action For Negligent Misrepresentation Based On False Promises .............. 11

    E.     Plaintiffs' Fifth Cause Of Action For Unjust Enrichment Fails Because Plaintiffs Allege No Facts To Show That Defendants Have Been Unjustly Enriched .................................................. 12

    F.     Plaintiffs' Sixth Cause Of Action For Violation Of The UCL Fails Because Plaintiffs Do Not Allege Any Actionable Conduct ..................................................................................... 13

    G.     Plaintiffs' Seventh And Eighth Causes Of Action For Recovery Of Payment For Services Rendered And Quantum Meruit Fail As A Matter Of Law ...................................................... 15

        1.     Plaintiffs Are Not Entitled To An Amount Beyond That Set Forth In The Insureds' Benefit Agreements ......... 15

        2.     Plaintiffs Do Not Allege That Defendants Requested Plaintiffs' Services Or Any Benefits Conferred ......... 16

    H.     Defendants Also Join In Defendant Blue Cross Blue Shield of Tennessee, Inc.'s Motion To Dismiss Plaintiffs' First Amended Complaint ............................................................... 17

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

V.    CONCLUSION ..................................................................................................18

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agosta v. Astor*,
    120 Cal. App. 4th 596 (2004) ................................................................. 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................... 3

*Banner Entm't, Inc. v. Super. Ct.*,
    62 Cal. App. 4th 348 (1998) ................................................................. 5

*Bentley v. Bank of Am., N.A.*,
    773 F. Supp. 2d 1367 (S.D. Fla. 2011) ..................................................... 4

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ............................................................... 9

*Bryant v. Wells Fargo Bank, Nat'l Ass'n*,
    861 F. Supp. 2d 646 (E.D.N.C. 2012) ..................................................... 4

*Building Permit Consultants, Inc. v. Mazur*,
    122 Cal. App. 4th 1400 (2004) .............................................................. 11

*Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co. of Tennessee*,
    118 F. Supp. 2d 1002 (C.D. Cal. 2000) ............................................... 6, 17

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ...................................................................... 13

*Congleton v. Nat'l Union Fire Ins. Co.*,
    189 Cal. App. 3d 51 (1987) .................................................................. 7

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997) ............................................................... 9

*Day v. Alta Bates Med. Ctr.*,
    98 Cal. App. 4th 243 (2002) ............................................................... 16

*Dinosaur Dev., Inc. v. White*,
    216 Cal. App. 3d 1310 (1989) .............................................................. 12

*Drum v. San Fernando Valley Bar Ass'n*,
    182 Cal. App. 4th 241 (2010) ......................................................... 13, 14

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010) ............................................................. 12

*Encompass Office Solutions, Inc. v. Ingenix, Inc.*,
    775 F. Supp.2d 938 (E.D. Tex. 2011) ............................................... 13, 17

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

*Epstein v. Wash. Energy Co.*,
   83 F.3d 1136 (9th Cir. 1996) ............................................................................ 3

*Freeman & Mills, Inc. v. Belcher Oil Co.*,
   11 Cal. 4th 85 (1995) ..................................................................................... 8

*Haggerty v. Warner*,
   115 Cal. App. 2d 468 (1953) ........................................................................ 16

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008) ...................................................................... 14

*Halvorsen v. Aramark Uniform Servs.*,
   65 Cal. App. 4th 1383 (1998) ........................................................................ 5

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ..................................................................... 10

*Kelley v. Rambus, Inc.*,
   384 Fed.Appx. 570 (9th Cir. 2010) ............................................................. 10

*Khoury v. Maly's Cal., Inc.*,
   14 Cal. App. 4th 612 (1993) ........................................................................ 14

*Ladas v. Cal. State Auto. Ass'n*,
   19 Cal. App. 4th 761 (1993) .......................................................................... 7

*Lazar v. Super. Ct.*,
   12 Cal. 4th 631 (1996) ................................................................................... 9

*Melchior v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) ...................................................................... 12

*Orthopedic Specialists of S. Cal. v. Cal. Pub. Emps. Ret. Sys.*,
   228 Cal. App. 4th 644 (2014) ................................................................. 15, 16

*Otworth v. S. Pac. Transp. Co.*,
   166 Cal. App. 3d 452 (1985) ....................................................................... 12

*Pac. States Enters., Inc. v. City of Coachella*,
   13 Cal. App. 4th 1414 (1993) ........................................................................ 7

*Saunders v. Super. Ct.*,
   27 Cal. App. 4th 832 (1994) ........................................................................ 13

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1981) ....................................................................... 10

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   93 Cal. App. 4th 700 (1999) ........................................................................ 13

*Spurgeon v. Buchter*,
   192 Cal. App. 2d 198 (1961) ....................................................................... 17

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

*Stanford Hosp. and Clinics v. Multinational Underwriters, Inc.*,
  2008 WL 5221071 (N.D. Cal. Dec. 12, 2008) ........................................................ 6

*Stewart v. Preston Pipeline Inc.*,
  134 Cal. App. 4th 1565 (2005) ............................................................................... 5

*Swartz v. KMPG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................. 10

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ............................................................................... 11, 12

*Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*,
  520 F. Supp. 2d 1184 (C.D. Cal. 2007) ................................................................. 6

*Tenzer v. Superscope, Inc.*,
  39 Cal. 3d 18 (1985) .............................................................................................. 11

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................................... 9

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ................................................................................. 3

*Wall St. Network, Ltd. v. New York Times Co.*,
  164 Cal. App. 4th 1171 (2008) ............................................................................... 5

*Weddington Prods., Inc. v. Flick*,
  60 Cal. App. 4th 793 (1998) ................................................................................... 6

*Yari v. Producers Guild of Am., Inc.*,
  161 Cal. App. 4th 172 (2008) ................................................................................. 5

*Zimmerman v. City of Oakland*,
  255 F.3d 734 (9th Cir. 2001) ................................................................................. 3

**Statutes**

Cal. Bus. & Prof. Code § 17204 ............................................................................... 13

Cal. Civ. Code § 1550 ................................................................................................. 5

Cal. Civ. Code § 1565 ................................................................................................. 5

Cal. Civ. Code § 1580 ................................................................................................. 5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Sleep Med LLC, KSK Enterprises, LLC, Nashville Sleep Medicine, L.L.C., Midsouth Sleep Diagnostic Center, Inc., and Houston Operating Company, LLC (collectively, "Plaintiffs") operate sleep disorder research institutes and treatment centers in California, Texas, and Tennessee.  Plaintiffs allegedly provided medical services to patients insured by defendants Anthem Blue Cross Life and Health Insurance Company ("ABCLH"), Blue Cross and Blue Shield of Texas ("BCBSTX," together with ABCLH, are referred to as "Defendants") and Blue Cross Blue Shield of Tennessee, Inc. ("BCBSTN").[1]

Plaintiffs are "out-of-network" providers and do not have a written contract with Defendants to provide medical services to Defendants' insureds.  Despite the lack of any contractual relationship between Defendants and Plaintiffs, Plaintiffs bring this lawsuit alleging that Defendants were obligated, but failed, to pay Plaintiffs' unilaterally set billed charges.

Preliminarily, Plaintiffs' First Amended Complaint ("FAC") is defective because Plaintiffs fail to plead specific facts as to each individual defendant.  Instead, Plaintiffs improperly combine allegations as to "Defendants" and "Blue Cross" without distinguishing between the separate defendants.

In any event, each of Plaintiffs' claims fails as a matter of law.  *First*, there is no contractual basis to support Plaintiffs' claim that Defendants are obligated to pay Plaintiffs' total billed charges.  For this same reason, Plaintiffs' bad faith claim also fails.  *Second*, Plaintiffs do not plead each element of their fraud-based claims with the requisite particularity.  Indeed, Plaintiffs fail to allege the what, how, when, and whom required of any fraud claim.  False promises of future conduct also cannot form the basis of a negligent misrepresentation claim as a matter of law.  *Third*, Plaintiffs

---

[1] Defendant Blue Cross Blue Shield of Tennessee, Inc. is represented by separate counsel.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

do not allege that Defendants engaged in any unlawful, unfair or fraudulent acts in violation of Business and Professions Code section 17200, *et seq.* ("UCL"). ***Finally***, Plaintiffs' claims for services rendered and quantum meruit fail because, as a matter of law, payment for nonemergency medical services provided by out-of-network providers, such as Plaintiffs, is governed by the insureds' benefit agreements, commonly referred to as the Evidences of Coverage ("EOC"). Plaintiffs also do not allege that Defendants requested the medical services Plaintiffs provided to Defendants' insureds.

Defendants also join in, and incorporate by reference as though stated in full herein, BCBSTN's Motion to Dismiss Plaintiffs' FAC, except for BCBSTN's arguments based upon lack of personal jurisdiction.

Accordingly, this FAC should be dismissed in its entirety without leave to amend.

## II.   <u>FACTUAL BACKGROUND</u>

Plaintiffs are "out-of-network" providers that operate sleep disorder research institutes and treatment centers in California, Texas, and Tennessee. (FAC, ¶¶ 4-8, 22, 28.)

Plaintiffs allege that they provided medical services to insureds of ABCLH, BCBSTX, and BCBSTN in 969 cases, and further allege that the value of these medical services and the amount due to Plaintiffs is over $7.2 million. (FAC, ¶ 23.) Plaintiffs, however, do not allege any specific facts pertaining to any of the medical claims at issue. Instead, Plaintiffs generally allege that prior to treating the patients, "Plaintiff[s] called Defendants . . . to verify covered health benefits, including out-of-network benefits and coverage for the particular medical services to be performed." (FAC, ¶ 36.) Plaintiffs further allege that they "verified that reimbursement for the medical services would be made at the usual and customary rate for the same or similar medical services in and around Plaintiff's [sic] geographical area." (FAC, ¶ 36.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

1    Plaintiffs allege that "Defendants either denied or underpaid the claims," and

2    paid $507,319.61, or approximately 7% of Plaintiffs' billed charges.  (FAC, ¶ ¶ 40-

3    41.)

4    Based on the above allegations, Plaintiffs filed this instant action against

5    Defendants seeking approximately $6.7 million in additional payments for the medical

6    services allegedly rendered.

7    ### III.    LEGAL STANDARD

8    Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is

9    appropriate where the complaint fails to state a claim for relief "'that is plausible on

10    its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Zimmerman*

11    *v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).  Although the "plausibility

12    standard is not akin to a 'probability requirement,'" it does require "more than a sheer

13    possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

14    While the Court must accept as true facts alleged in a complaint, it need not

15    accept legal conclusions. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

16    1981).  Indeed, conclusory allegations or legal conclusions masquerading as factual

17    conclusions will not defeat a motion to dismiss. *Epstein v. Wash. Energy Co.*, 83 F.3d

18    1136, 1140 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678-79 (noting that "the doors

19    of discovery" do not unlock "for a plaintiff armed with nothing more than

20    conclusions").

21    ### IV.    LEGAL ARGUMENT

22    **A.    Plaintiffs Improperly Assert General Allegations As To "Defendants,"**

23    **Collectively And Do Not Identify The Underlying Medical Claims**

24    Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain

25    a short and plain statement of the claim showing that the plaintiff is entitled to relief.

26    Plaintiffs' FAC fails because Plaintiffs do not specifically allege conduct attributed to

27    each defendant. *See Bryant v. Wells Fargo Bank, Nat'l Ass'n*, 861 F. Supp. 2d 646,

28    660 (E.D.N.C. 2012) (holding that a complaint's general reference to "Defendants"

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

violated the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2));

*Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373-75 (S.D. Fla. 2011)

(dismissing a plaintiff's claims for "improperly lump[ing] Defendants together").

Simply alleging that undifferentiated defendants generally committed wrongdoing

without identifying what purported wrongful acts were performed by which defendant

does not satisfy the pleading requirements.  Nowhere do Plaintiffs specifically identify

what each of the defendants allegedly has done that entitles Plaintiffs to relief against

them individually.

Instead, Plaintiffs attempt to circumvent pleading each individual transaction

for which Plaintiffs contend they are entitled to relief by pleading what defendants

purportedly did generally.  (*See, e.g.*, FAC, ¶ 35-37.)  For example, Plaintiffs

generally allege that they "followed the same process for each and every claim in the

lawsuit," and vaguely allege that "Defendants [represented] that Plaintiff[s] [were] to

be reimbursed at the usual and customary rate for the medical services provided."

(*Id.*)  Furthermore, Plaintiffs indiscriminately group all named defendants together

throughout the FAC as "Defendants" or "Blue Cross" without asserting what specific

conduct or even which medical claims specifically underlie which cause of action

against which defendant.

Plaintiffs also fail to identify each medical claim they contend was underpaid

by which of the defendants.  In addition, Plaintiffs do not state when the alleged

medical services for the claims were provided, when they billed any of the

"Defendants," or the specific amounts of each claim.  In short, the FAC does not

identify any facts related to the underlying medical claims.

Without basic factual allegations, neither ABCLH nor BCBSTX is able to

determine which claims and allegations are directed to them and are thus unable to

prepare an adequate defense.  For this reason, Plaintiffs' FAC should be dismissed.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

**B.**     **Plaintiffs' First Claim For Breach Of Implied Contract Fails Because Plaintiffs Do Not Allege A Promise By Defendants To Pay Plaintiffs' Billed Charges**

Plaintiffs' first claim for breach of implied contract is premised on the allegation that Defendants agreed to pay Plaintiffs at "Plaintiffs' usual, customary and reasonable billed rates." (FAC, ¶ 44; *see also* FAC, ¶ 50.) This claim fails as a matter of law.

To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract and its terms; (2) plaintiff's performance or excuse for nonperformance; (3) breach by defendant; and (4) the breach caused plaintiff's harm. *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). "A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (2008). Both express and implied contracts require mutual assent "[c]ommunicated by each to the other." Cal. Civ. Code §§ 1550, 1565. All the parties to a contract must "agree upon the same thing in the same sense." Cal. Civ. Code § 1580; *see also*, *Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1586 (2005) (a valid contract must contain mutual promises).

"[T]he failure to reach a meeting of the minds on all material points prevents the formation of a contract even though the parties have orally agreed to some terms, or have taken some action related to the contract." *Banner Entm't, Inc. v. Super. Ct.*, 62 Cal. App. 4th 348, 359 (1998). Further, a contract is not enforceable if its terms are too uncertain. *Halvorsen v. Aramark Uniform Servs.*, 65 Cal. App. 4th 1383, 1389 (1998) ("An alleged oral contract with vague and uncertain terms is not binding."). The terms of the alleged contract must also be certain enough to "provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  Plaintiffs' cause of action for breach of implied contract is premised entirely on
2  allegations that by "verify[ing] covered health benefits" and "[b]y authorizing
3  [Plaintiffs] to provide services to Defendants' insured members, Defendants entered
4  into implied contracts with [Plaintiffs] whereby Defendants agreed to pay Plaintiff[s] .
5  . . at Plaintiff[s'] usual, customary and reasonable billed rates."  (*See* FAC, ¶¶ 36-37,
6  44, 50.)  The FAC, however, is devoid of any factual allegations that either ABCLH
7  or BCBSTX spoke any words or engaged in any conduct indicating any agreement to
8  pay Plaintiffs a specific amount, much less Plaintiffs' billed charges.

9  Such specific allegations are necessary because it is well settled that neither the
10  verification of eligibility nor authorization of benefits constitutes a promise to pay.
11  *See*, *e.g.*, *Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co. of Tennessee*, 118 F.
12  Supp. 2d 1002, 1008 (C.D. Cal. 2000) (a "verification cannot objectively be
13  interpreted as consent to contract" because "within the medical insurance industry, an
14  insurer's verification is not the same as a promise to pay"); *Tenet Healthsystem*
15  *Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1192–93 (C.D. Cal. 2007) (a
16  "verification of eligibility" is "to verify the patient's policy was paid to date and
17  active," and "authorization" is "the process in which the health insurer confirmed that
18  the treatment requested was medically necessary and appropriate").  Indeed, "pre-
19  authorization and verification of benefits . . . [are not] an agreement to pay or a
20  guarantee to pay for medical services provided to an insured."  *Tenet Healthsystem*
21  *Desert, Inc.*, 520 F. Supp. 2d at 1193; *Stanford Hosp. and Clinics v. Multinational*
22  *Underwriters, Inc.*, 2008 WL 5221071, at *6 (N.D. Cal. Dec. 12, 2008) (rejecting the
23  argument that a "verification of coverage amounted to a promise to pay for the
24  patient's treatment").

25  In any event, Plaintiffs do not, and cannot, allege that the parties ever agreed on
26  or discussed a material term of the alleged contract: price.  At most, Plaintiffs allege
27  that "Plaintiff[s] also verified that reimbursement for the medical services would be
28  made at the usual and customary rate for the same or similar medical services in and

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

around Plaintiff[s]' geographical area."  (FAC, ¶ 36.)  But such "verification" is not equivalent to a promise to pay a specific amount.  And, an alleged promise to pay "usual and customary rates" is not sufficiently certain to establish a valid contract. *See Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 771 (1993) ("[P]romises . . . to pay . . . 'according to industry standards' are not sufficiently definite to be enforceable.").  Such an alleged promise also does not provide ABCLH or BCBXTX any basis for determining the specific financial obligation supposedly agreed to by the parties.

Absent specific facts giving rise to an implied contract, mutual assent as to all material terms, and sufficiently definite terms, there can be no contract between Plaintiffs and ABCLH and/or BCBSTX as a matter of law.  Accordingly, this Court should grant Defendants' motion and dismiss Plaintiffs' first claim for breach of implied contract without leave to amend.

**C.**   **Plaintiffs' Second Claim For Breach Of Implied Covenant Of Good Faith And Fair Dealing Fails Because Plaintiffs Do Not Allege A Valid Contract**

"[B]reach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself, and it has been held that [bad] faith implies unfair dealing rather than mistaken judgment."  *Congleton v. Nat'l Union Fire Ins. Co.*, 189 Cal. App. 3d 51, 59 (1987).  Where there is no underlying contract, there can be no claim for bad faith breach of that contract.  *See Pac. States Enters., Inc. v. City of Coachella*, 13 Cal. App. 4th 1414, 1425 (1993) ("A cause of action for a breach of the implied contractual covenant of good faith and fair dealing cannot be stated in the absence of a valid contract to which the covenant appertains.").

As explained in Section IV.B, *supra*, Plaintiffs fail to allege any contract pursuant to which Defendants were obligated to pay Plaintiffs' billed charges for the medical services allegedly provided to Defendants' insureds.  This failure to allege the existence of a valid contract between the parties bars Plaintiffs from pursuing a valid bad faith claim as a matter of law.

US_ACTIVE-127645307.3

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Even if Plaintiffs could sufficiently allege an underlying agreement with Defendants—which they cannot—Plaintiffs' bad faith claim still fails.  Plaintiffs allege that Defendants "tortiously breached [their] implied covenant of good faith and fair dealing . . . by unreasonably withholding the reimbursement monies due to Plaintiff[s]" and "by denying any reimbursement monies due to Plaintiff[s]" and "by unreasonably claiming that [they] had overpaid Plaintiff[s] . . ."  (FAC, ¶¶ 59-61.)  Such conduct, even if accepted as true, amounts to no more than a mere breach of a commercial contract which is insufficient to justify tort liability on a bad faith claim as a matter of law.  *See Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 102 (1995).

Accordingly, Plaintiffs' second claim for breach of the implied covenant of good faith and fair dealing must fail.

**D.**   **Plaintiffs' Third And Fourth Claims For Fraud And Negligent Misrepresentation Fail As A Matter Of Law[2]**

Plaintiffs' third claim for fraud is premised on vague allegations that Defendants "misrepresented material facts regarding [their] intention to reimburse Plaintiff[s] for the value of the medical services rendered by Plaintiff[s] to patients insured by Defendants."  (FAC, ¶ 71; *see also* FAC, ¶ 72.)  Similarly, Plaintiffs' fourth claim for negligent misrepresentation is premised on vague allegations that Defendants misrepresented that "patients were covered under the healthcare policies and plans."  (FAC, ¶¶ 80-81.)  As explained below, Plaintiffs' fraud-based claims fail because Plaintiffs do not plead each element of these causes of action with the requisite particularity.  Plaintiffs' *negligent* misrepresentation cause of action also fails because California does not recognize a tort for negligent false promises.

---

[2] Plaintiffs indicated in the Joint Rule 26(f) Report (Dkt No. 31) that they intend to amend their First Amended Complaint to dismiss the fraud and negligent misrepresentation claims for relief.

### 1. **Plaintiffs Fail To Plead Fraud With The Requisite Particularity**

To plead a cause of action for fraud, a plaintiff must allege: (1) misrepresentation of a material fact; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). The same elements comprise a claim for negligent misrepresentation, except there is no requirement of scienter or intent to defraud. *Agosta v. Astor*, 120 Cal. App. 4th 596, 603 (2004) ("The tort of negligent misrepresentation does not require scienter or intent to defraud, but it does, of course, require proof of justifiable reliance and resulting damage."). Furthermore, there are additional requirements when pleading fraud against a corporate defendant; a plaintiff must allege "the who, what, when, where, and how" of the purported fraud. *See Vess*, 317 F.3d at 1106 (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Fed. R. Civ. P. 9(b) provides that a plaintiff must "state with particularity the circumstances constituting fraud or mistake." *See also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal citations and quotations omitted). A plaintiff's allegations must be "accompanied by the who, what, when, where, and how of the misconduct charged. . . . [A] plaintiff must [also] set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (internal citations and quotations omitted). "A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations and quotations omitted).

This same standard applies equally to claims for negligent misrepresentation. *See Kelley v. Rambus, Inc.*, 384 Fed.Appx. 570, 573 (9th Cir. 2010) (affirming district court's dismissal, noting that plaintiff's "state law claims for common law fraud and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  negligent misrepresentation fail to meet the heightened pleading standards of Rule
2  9(b)(6)).”

3      Additionally, Rule 9(b) requires particular averments regarding each
4  defendant's participation in the allegedly fraudulent scheme.  *See, e.g.*, *Semegen v.*
5  *Weidner*, 780 F.2d 727, 731 (9th Cir. 1981) (affirming dismissal of fraud claim
6  because plaintiffs failed to plead with specificity the wrongful conduct of several
7  defendants).  Where a plaintiff alleges that several defendants participated in a
8  fraudulent scheme, Rule 9(b) requires plaintiffs to “differentiate their allegations” and
9  “inform each defendant separately of the allegations surrounding his alleged
10  participation in the fraud.”  *Swartz v. KMPG LLP*, 476 F.3d 756, 764-65 (9th Cir.
11  2007).  At a minimum, a plaintiff must “identif[y] the role of [each] defendant[] in the
12  alleged fraudulent scheme.”  *Id*. at 765 (internal citations omitted).

13      Plaintiffs' fraud-based claims—whether intentional or negligent—fall far short
14  of the requisite heightened pleading standard.  Specifically, Plaintiffs allege that
15  Defendants misrepresented that they “would reimburse[] Plaintiff[s] for the value of
16  the medical services rendered” and that “the patients were covered under the
17  healthcare policies or plans.”  (FAC, ¶¶ 72, 80-81.)  But, Plaintiffs fail to identify
18  which individual supposedly made what alleged misrepresentation, what was said,
19  when, to whom, on behalf of which defendant, or the individual's authority to speak
20  on behalf of which defendant.

21      Further, Plaintiffs fail to allege facts demonstrating that the purported
22  representation that “the patients were covered under the healthcare policies or plans”
23  is false.  Indeed, Plaintiffs acknowledge that Defendants processed and paid the
24  claims, but complain only that the claims were underpaid.  (*See* FAC, ¶¶ 41, 44.)

25      Finally, entirely absent from the FAC are any specific facts showing an intent
26  not to perform at the time the alleged promise was made.  At most, Plaintiffs allege a
27  mere underpayment of claims.  But, “[s]omething more than nonperformance is
28  required to prove the defendant's intent not to perform his promise.”  *Tenzer v.*

US_ACTIVE-127645307.3

DEFENDANTS’ NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS’ FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

*Superscope, Inc.*, 39 Cal. 3d 18, 30-31 (1985) (internal citations omitted); *Building Permit Consultants, Inc. v. Mazur*, 122 Cal. App. 4th 1400, 1414 (2004) (holding that the mere failure to perform a promise does not constitute fraud).

Accordingly, the Court should grant Defendants' motion and dismiss Plaintiffs' third and fourth causes of action for fraud and negligent misrepresentation without leave to amend.

**2.**     **There Is No Cause Of Action For Negligent Misrepresentation Based On False Promises**

Plaintiffs' negligent misrepresentation claim fails for an additional reason. "To be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts. Predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157-58 (1991). In *Tarmann*, the Court explained that statements as to future action are promises to perform at some future time and cannot be considered representations of past or existing fact. *Id.* Broken promises of future conduct are actionable only when the false promise is intentional, in which case the proper cause of action is fraud. *Id.* at 158. Thus, negligent misrepresentation cannot be based upon a false promise. *Id.* ("[W]e decline to establish a new type of actionable deceit; the negligent false promise.").

To the extent Plaintiffs allege that Defendants negligently represented that "the patients were covered under the healthcare policies or plans" and Plaintiffs would be paid their billed charges (FAC, ¶¶ 36, 80-81), this alleged representation is a promise to perform at some future time, namely, the promise to pay total billed charges after services are rendered. Such allegations of negligent false promises cannot form the basis of a negligent misrepresentation claim as a matter of law. *See Tarmann*, 2 Cal. App. 4th at 158-59. Plaintiffs' cause of action for negligent misrepresentation therefore fails.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

**E.** **Plaintiffs' Fifth Cause Of Action For Unjust Enrichment Fails Because Plaintiffs Allege No Facts To Show That Defendants Have Been Unjustly Enriched**

In their cause of action for unjust enrichment, Plaintiffs allege that "Plaintiffs conferred a tangible economic benefit on Defendants by rendering medical services to patients insured by Defendant[s]." (FAC, ¶ 83.) Plaintiffs further allege that "Defendant[s] did not reimburse Plaintiff[s] for the full value of Plaintiff[s]' services and instead w[ere] enriched . . ." (FAC, ¶ 84.)

Preliminarily, "'there is no cause of action in California for unjust enrichment." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). Rather, unjust enrichment is "the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior*, 106 Cal. App. 4th at 793; *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1314 (1989) ("Unjust enrichment . . . is synonymous with restitution"). Under the theory of unjust enrichment, "one who acquires a benefit which may not justly be retained [is required] to return either the thing or its equivalent to the aggrieved party, so as not to be unjustly enriched." *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 460 (1985).

Here, Plaintiffs allege no facts to show how Defendants were conferred any benefit by Plaintiffs' alleged provision of medical services to Defendants' insureds, much less that Plaintiffs are entitled to restitution. To the contrary, Plaintiffs admit Defendants made payment for these services. (*See*, *e.g.*, FAC, ¶ 24.) Further, the services were provided to Defendants' insureds, not to Defendants. Thus, there is no benefit to "return." *Cf. Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp.2d 938, 966 (E.D. Tex. 2011) ("Even if United received some benefit as a result of Encompass providing medical services to its insureds, a proposition the court finds dubious, Encompass's services were rendered to and for its patients, not United").

Accordingly, Plaintiffs' fifth cause of action for unjust enrichment should be

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-127645307.3

dismissed.

**F.    Plaintiffs' Sixth Cause Of Action For Violation Of The UCL Fails Because Plaintiffs Do Not Allege Any Actionable Conduct**

The UCL provides that "[u]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17204.

The "unlawful" prong applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."  *See Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838, 839 (1994) (citation omitted).  In short, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal citations omitted).  However, if the defendant's conduct does not violate the borrowed law, his "conduct does not reflect an 'unlawful business activity' and is therefore not actionable on that ground."  *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (1999).

The "unfair" prong of the UCL differs depending on whether the plaintiff is a competitor of the defendant or a consumer.  *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 187.  In a consumer case, Courts have applied three different tests for "unfairness."  *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 241, 256 (2010).  One line of cases requires "that the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions."  *Id.* at 257 (internal citations omitted).  The second line of cases requires that "the alleged business practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim."  *Id.* (internal citations omitted).  The third line of cases draws on the definition of "unfair" in section 5 of the Federal Trade

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 13 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Commission Act, and requires that "(1) the consumer injury be substantial; (2) the

2   injury must not be outweighed by any countervailing benefits to consumers or to

3   competition; and (3) it must be an injury that consumers themselves could not

4   reasonably have avoided." *Id.* (internal citations omitted).

5         The "fraudulent" prong of the UCL applies where a business act or practice

6   actually misleads a plaintiff. *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).

7         Plaintiffs fail to allege facts supporting a violation of the UCL under any of

8   these three prongs. *See Khoury v. Maly's Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993)

9   ("A plaintiff alleging unfair business practices under [the UCL] must state with

10  reasonable particularity the facts supporting the statutory elements of the violation.").

11        Here, Plaintiffs allege that "Defendants failed to properly compensate

12  Plaintiff[s]" for the medical services provided to Defendants' insureds and "denied

13  Plaintiff[s] reimbursement claims without fully and adequately investigating." (FAC,

14  ¶¶ 89-90.) However, as explained in Section IV.C, *supra*, Plaintiffs do not allege any

15  implied contract between Plaintiffs, ABCLH and/or BCBSTX to pay Plaintiffs' billed

16  charges. Also, Plaintiffs allege no facts regarding the alleged denial of Plaintiffs'

17  claims for reimbursement. Rather, Plaintiffs allege that Defendants processed and

18  paid the claims, but they dispute the amount of the payments made. (*See* FAC, ¶ 33.)

19        To the extent Plaintiffs complain that Defendants have an "overall scheme to

20  reduce costs of reimbursement claims brought by out-of-network providers," there is

21  nothing "unfair" about Defendants' desire to control healthcare costs. *See Orthopedic*

22  *Specialists of S. Cal. v. Cal. Pub. Emps. Ret. Sys.*, 228 Cal. App. 4th 644, 648 (2014)

23  (recognizing that an insurer can better control healthcare costs by "deliberately

24  discourag[ing] members from going out of network by paying lower reimbursement

25  rates and holding the member responsible for the unpaid balance.").

26        Accordingly, Plaintiffs fail to allege any wrongful conduct by Defendants, and

27  this Court should grant Defendants' motion with respect to Plaintiffs' UCL claim.

28

US_ACTIVE-127645307.3

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**G.**     **Plaintiffs' Seventh And Eighth Causes Of Action For Recovery Of Payment For Services Rendered And Quantum Meruit Fail As A Matter Of Law**

    **1.**     **Plaintiffs Are Not Entitled To An Amount Beyond That Set Forth In The Insureds' Benefit Agreements**

Plaintiffs' seventh and eighth causes of action for recovery of payment for services rendered and quantum meruit allege that Defendants are obligated to reimburse Plaintiffs for billed charges and/or "usual, customary and reasonable charges." (FAC, ¶¶ 96, 103.) But, Plaintiffs acknowledge each of their causes of action against Defendants is based upon the verification of eligibility and/or authorization of benefits. (*See* FAC, ¶ 96, 100.) Therefore, the only basis for Defendants' obligation to reimburse, if any, is governed by the contract between Defendants and their respective insureds. In other words, the same contract between Defendants and their insureds which gives rise to the obligation to pay for the medical services, upon which Plaintiffs rely, also governs the *amount* of the obligation to Plaintiffs. It would be nonsensical for Plaintiffs to argue that Defendants are bound by the insureds' benefit agreement to pay, but then also argue that the benefit agreement does not govern the amount owed.

Indeed, the Court of Appeal affirmed that the amount of payment for nonemergency medical services provided by out-of-network providers, such as the case here, is limited to the amount set forth in the contract between an insurer and its insured. *Orthopedic Specialists of S. Cal.*, 228 Cal. App. 4th at 648 (holding that defendant was not required to pay "usual and customary" rates when reimbursing out-of-network provider for nonemergency care). As the Court of Appeal recognized, this is "for good reason":

> When a [] member (i.e., the patient) seeks treatment with an in-network provider, [the health plan] can better control healthcare costs because the parties have agreed in advance upon the price and [the health plan] can use the resulting savings to provide better or lower-cost coverage. Thus, [the health plan] deliberately discourages members from going out of

US_ACTIVE-127645307.3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

network by paying lower reimbursement rates and holding the member responsible for the unpaid balance.

*Id.* Here, Plaintiffs allege no facts to suggest that ABCLH or BCBSTX failed to pay in accordance with the applicable benefit agreements.

### 2. Plaintiffs Do Not Allege That Defendants Requested Plaintiffs' Services Or Any Benefits Conferred

Even if Plaintiffs are not precluded from seeking reimbursement beyond that set forth in the applicable benefit agreements, their claims for services rendered and quantum meruit nevertheless fail because Plaintiffs do not allege that Defendants requested Plaintiffs' services or that any benefit was conferred on Defendants.

To recover payment for services rendered to a third person, a plaintiff must allege a specific request for services from the defendant. *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 248 (2002). "[C]ompensation for a party's performance should be paid by the person whose request induced the performance." *Id.* Similarly, to state a claim for quantum meruit, a plaintiff must allege that "plaintiff performed certain services for defendants, [] their reasonable value, that they were rendered at the special instance and request of defendants, and are unpaid." *Haggerty v. Warner*, 115 Cal. App. 2d 468, 475 (1953). The law will not imply a promise to pay for services rendered, however, in the absence of a valid agreement. *Spurgeon v. Buchter*, 192 Cal. App. 2d 198 (1961). Accordingly, to state a claim for services rendered or quantum meruit against Defendants, Plaintiffs must allege that Defendants made a specific request for services to Plaintiffs. *Id.*

Plaintiffs have failed to do so here. The FAC contains no factual allegations that ABCLH or BCBSTX ever requested that Plaintiffs provide services to their insureds. Plaintiffs provided medical services to and for patients, not Defendants. At most, Plaintiffs allege that Defendants provided "verification of coverage" and "authorized" the services to be provided. (FAC, ¶¶ 96, 100.) However, simply

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 16 -

US_ACTIVE-127645307.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   because Defendants allegedly verified coverage or authorized these services does not

2   establish the existence of a request from Defendants for such services.  *See*, *e.g.*,

3   *Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co. of Tennessee*, 118 F. Supp. 2d

4   1002, 1008 (C.D. Cal. 2000) (holding that "[b]ecause [defendant insurer] did not

5   request, either expressly or impliedly, that [plaintiff] treat [the patient], it is not liable

6   to [plaintiff] under quantum meruit theory").  Further, any services were rendered to

7   Defendants' members for the members' benefit, not Defendants', rendering Plaintiffs'

8   claims for payment of services rendered and quantum meruit defective.  *See*

9   *Encompass Office Solutions, Inc.*, 775 F. Supp.2d at 966 ("Because the court finds

10  that Encompass has failed to plead a key element required under its quantum meruit

11  theory of recovery, namely that services were rendered…for the person sought to be

12  charged, the court grants Defendants' motion to dismiss the quantum meruit claim")

13  (internal citations omitted).

14        Accordingly, Plaintiffs' claims for services rendered and quantum meruit

15  should be dismissed without leave to amend.

16  **H.    Defendants Also Join In Defendant Blue Cross Blue Shield of Tennessee,**

17        **Inc.'s Motion To Dismiss Plaintiffs' First Amended Complaint**

18        Defendants join in, and incorporate by reference as though stated in full herein,

19  BCBSTN's Motion to Dismiss Plaintiffs' FAC, except for BCBSTN's arguments

20  based upon lack of personal jurisdiction.

21        To the extent Plaintiffs' claims against Defendants pertain to medical services

22  provided to individuals who participate in U.S. government-sponsored health plans

23  that are subject to the Federal Employees Health Benefits Act ("FEHBA") program or

24  plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"),

25  the Court's ruling on BCBSTN's Motion to Dismiss Plaintiffs' FAC as to Plaintiffs'

26  ability to pursue such claims arising under FEHBA or ERISA-governed plans should

27  apply equally to Defendants.

28

1                             **V.    CONCLUSION**

2        The FAC is defective because Plaintiffs fail to allege any specific facts as to

3 each of the defendants.  Furthermore, there is no contractual or other legal basis to

4 support Plaintiffs' claims that Defendants are obligated to pay Plaintiffs' billed

5 charges for the medical services rendered to the patients.  Accordingly, Defendants

6 respectfully request that the Court grant their motion in its entirety and without leave

7 to amend.

8

9 DATED:  September 2, 2016.        REED SMITH LLP

10

11                          By    */s/ Amir Shlesinger*
                             Kenneth N. Smersfelt

12                              Amir Shlesinger
                             Monica J. Zi

13                              Attorneys for Defendants Anthem Blue
                             Cross Life and Health Insurance Company

14                              and Blue Cross and Blue Shield of Texas, an
                             Unincorporated Division of Health Care

15                              Service Corporation (erroneously sued as
                             "Blue Cross and Blue Shield of Texas,

16                              Inc.")

17

18

19

20

21

22

23

24

25

26

27

28

US_ACTIVE-127645307.3

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware